UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW DAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV1743MLM |
| ) | |
| NES EQUIPMENT SERVICES ) | |
| CORPORATION F/K/A FACONITE ) | |
| EQUIPMENT, INC., ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| JLG LIFT, INDUSTRIES, INC., ) | |
| ) | |
| Third-Party Defendant/Third-Party ) | |
| Plaintiff, ) | |
| ) | |
| TRI-STATE MACHING, INC. ) | |
| ) | |
| Third-Party Defendant. ) | |

## MEMORANDUM OPINION

Before the court is the Motion to Dismiss Count IX of Plaintiff's First Amended Complaint filed by Defendant NES Equipment Services Corporation f/k/a Falconite Equipment, Inc. ("Defendant NES"). Doc. 52. Plaintiff Matthew Day ("Plaintiff") has filed a Response. Doc. 54. Defendant NES has filed a Reply. Doc. 55. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). Doc. 8.

**LEGAL STANDARD FOR A MOTION TO DISMISS**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). See also Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). Upon considering a motion to dismiss a federal court must "tak[e] all facts alleged in the complaint to be true and constru[e] the pleadings in the light most favorable to the plaintiffs." Gregory v. Dillards, 2007 WL 2067853 (8th Cir. July 20, 2007).

>Further, in regard to a Rule 12(b)(6) motion, the Supreme Court holds:

>While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) ... see, e.g., ... Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Bell Atlantic, 127 S.Ct. at 1964-65.

Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable" Id. at 1965 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claim." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**DISCUSSION**

Defendant NES alleges that Count IX of the First Amended Complaint, "Negligence Res Ipsa," should be dismissed because, according to the First Amended Complaint, Defendant NES cannot be held liable under a theory of res ipsa loquitur and because "the boom falling on the lift is not an incident which ordinarily does not occur without someone's negligence." Doc. 52, ¶ ¶ 7-8.

In the First Amended Complaint Plaintiff alleges that Defendant NES is in the business of leasing and distributing JLG Lifts; that Defendant NES was the owner of a JLG Lift which was leased to Gross Mechanical Contractors ("Gross Mechanical") for a project at the Siemens Westinghouse Power Plant in Glennonville, Missouri; that at all times mentioned in the First Amended Complaint Plaintiff was an employee of Gross Mechanical acting in the course and scope of his employment at the Siemans Westinghouse Power Plant; and that on December 18, 1999, Plaintiff was a passenger on the JLG lift leased by Defendant NES to Gross Mechanical, when the JLG Lift suddenly and without warning fell causing serious injury to Plaintiff. Doc. 44, ¶ ¶ 1-6, 12.[1] In the First Amended Complaint Plaintiff further alleges the following against Defendant NES: Count I, negligent repair and maintenance; Count II, strict liability based on supplying a defective product; Count III, strict liability based on failure to warn of a defective product; Count IV, strict liability based on defective design; Count V, negligent failure to warn of a defect; Count VI, negligence based on supplying a defective product for use; Count VII, negligence based on negligent design; and Count IX, "Negligence Res Ipsa." [2] In particular, in Count IX, Plaintiff alleges that at all relevant times Defendant NES had control of the bolt and/or the JLG lift at issue; that either a defective eye bolt broke causing the boom assembly to fall or the hydraulic system failed causing the boom assembly

---

[1] Plaintiff incorrectly labeled ¶ 6.

[2] Plaintiff does not include a Count VIII.

to fail; that, from the fact the boom assembly fell and the reasonable inferences therefrom, the fact that the boom assembly fell was directly caused by Defendant's negligence; and that as a direct and proximate result of Defendant NES's negligence Plaintiff was injured. Doc. 44, ¶ ¶ 56-60.

As stated by Defendant NES, the doctrine of res ipsa loquitur allows a jury to infer negligence without proof of specific negligence. Marshall Interiors, Inc. v. Young Men's Christian Ass'n, 787 S.W.2d 329, 331 (Mo. Ct. App. 1990). "The inference is permitted 'when (1) the incident resulting in injury is of the kind which ordinarily does not occur without someone's negligence; (2) the incident is caused by an instrumentality under the control of the defendant; and (3) the defendant has superior knowledge about the cause of the incident.'" Id. (quoting Mahan v. Missouri Pac. R.R. Co., 760 S.W.2d 510, 513 (Mo. Ct. App.1988)). "When the defendant does not have exclusive control of the instrumentality, 'the inference that the defendant's negligence caused the accident does not necessarily follow.'" Id. (quoting Mahan, 760 S.W.2d at 513). Where control is not exclusive, a plaintiff may nonetheless prove res ipsa loquitur by producing "additional evidence to show the defendant's responsibility." Id.

As stated above, Plaintiff alleges that at the time he was injured he was a passenger in the JLG Lift leased by Defendant NES to Gross Mechanical. As such, Plaintiff does not allege that Defendant NES had sole control of the JLG Lift at the time of the accident. Plaintiff may, however, establish res ipsa loquitur by producing additional evidence. See id. Indeed, Plaintiff suggests in its Response that in the event his theory of res ipsa loquitur is challenged in a motion for summary judgment he will produce evidence of the control requisite for establishing res ipsa loquitur. The court has reviewed both Strick v. Stutsman, 633 S.W.2d 148 (Mo. Ct. App. 1982), and Eversole v. Woods Acquisition, Inc., 135 S.W.3d 425 (Mo. Ct. App. 2004), and finds that the criteria for the application of the doctrine of res ipsa loquitur are satisfied. Furthermore, to the extent that Plaintiff's theory of

res ipsa loquitur as alleged in Count IX is inconsistent with theories of recovery alleged in Counts I-VII, Rule 8(e)(2) permits a plaintiff to plead alternative theories of recovery regardless of consistency.[3] As such, the court finds that Defendant NES's Motion to Dismiss should be denied. See Bell Atlantic, 127 at 1964.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendant NES is **DENIED**. Doc. 52.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of October, 2007.

---

[3] Rule 8(e)(2) provides, in relevant part:

A party may set forth two or more statements of a claim or defense *alternately or hypothetically*, either in one count or defense or *in separate counts* or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has *regardless of consistency* and whether based on legal, equitable, or maritime grounds.

(emphasis added).